IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EDMOND BRAND                                                                                  PLAINTIFF

V.                                                                                  NO. 4:09CV125-P-S

GREENWOOD RESTITUTION CENTER                                            DEFENDANT

## REPORT AND RECOMMENDATION

On June 28, 2010, the Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections ("MDOC"), appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under to 42 U.S.C. § 1983.

In his complaint, the plaintiff claims that the defendant failed to protect him from being attacked by another inmate. Specifically, the plaintiff alleges that he was living at the Restitution Center along with the assailant, Plexico. The men had been working away from the Center. When they returned and were exiting the bus, Plexico attacked the plaintiff from behind with knife. The plaintiff suffered stab wounds to his head near and around his left eye leaving a wound that required numerous stitches to close. The attack ended when guards and other inmates pulled Plexico off of the plaintiff.

At the *Spears* hearing, the plaintiff stated that he did not know why Plexico attacked him and that he had no prior warning of the attack. Moreover, the plaintiff never complained about any potential danger or the possibility of attack. As relief for his injuries, the plaintiff is seeking compensatory damages.

### Failure to Protect

"The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). The Fifth Circuit has stated that "the 'deliberate indifference' standard [is] the proper standard to apply in the context of convicted prisoners who claim[] denial of medical care or the failure to protect."

*Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). Thus, negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

The Supreme Court has held the standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Here, the court finds it is beyond doubt that plaintiff has failed to allege the defendant "consciously disregard[ed] a substantial risk of serious harm," which is necessary to state a claim cognizable under § 1983. *Id.* at 826 (citation omitted).

The complaint and allegations as stated at the *Spears* hearing, viewed in a light most favorable to the plaintiff, sounds wholly in negligence and lacks any indication or allegation of deliberate indifference. In fact, the plaintiff denied the defendant possessed any knowledge of danger. The plaintiff contends that the he was assaulted without provocation by an inmate for reasons unknown even to the plaintiff. Obviously, if the plaintiff himself had not complained about a specific threat to his safety, the defendant would have been equally unaware of any risk posed by the offending inmate. Therefore, the defendant could not have knowingly disregarded a risk to the plaintiff's safety. Accordingly, under the reasoning of *Daniels* and *Davidson, supra,* the plaintiff's claims should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## Conclusion

It is the recommendation of the undersigned, therefore, that the plaintiff's complaint and the defendant be dismissed for failure to state a claim.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.

Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

      The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

      This the 30th day of June, 2010.

      /s/ David Sanders
      UNITED STATES MAGISTRATE JUDGE